Filed 5/1/14  P. v. Baldon CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C074389 |
| v. | (Super. Ct. No. SF122833A) |
| LECHARLES EDWARD BALDON, | |
| Defendant and Appellant. | |

A jury convicted defendant LeCharles Edward Baldon of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)[1] -- count 1) and possession of ammunition by a felon (§ 30305, subd. (a)(1) -- count 2).  In bifurcated proceedings, the trial court

---

[1] Undesignated statutory references are to the Penal Code.

sustained allegations of five prior strike convictions (for carjackings and robberies). (§§ 667, subds. (b)-(i), 1170.12.)

Pursuant to sections 667, subdivision (e)(2)(C) and 1170.12, subdivision (c)(2)(C), the trial court sentenced defendant to state prison for an aggregate term of seven years four months, that is, the upper term of three years, doubled to six years on count 1, and one-third the midterm or eight months, doubled to 16 months, on count 2.

Defendant now contends (1) the trial court erred in denying defendant's suppression motion because the police officer did not have reasonable suspicion to detain defendant or to conduct a patdown search; and (2) the consecutive sentence on count 2 for possession of ammunition by a felon must be stayed pursuant to section 654.

We conclude the trial court did not err in denying defendant's suppression motion. However, we agree that the consecutive sentence on count 2 for possession of ammunition by a felon must be stayed pursuant to section 654. We will modify the judgment to stay defendant's sentence on count 2.

BACKGROUND

About 12:21 a.m. on October 19, 2012, Stockton Police Officer Jeremy Edens and his partner, Officer Padilla, saw a vehicle parked in a city park past the nighttime park curfew. As Officer Edens drove his patrol car toward the vehicle to contact the vehicle's occupants, the vehicle "quickly backed out of the parking lot and took off without headlights on."

When the vehicle turned right on a nearby street, Officer Edens could not see if the vehicle headlights had been turned on. He located the vehicle parked in a wide driveway at a house on Lemmore Court. Officer Edens parked the patrol car about a car length behind, leaving sufficient room for the vehicle to back out and leave. Officer Edens approached the front passenger (defendant), whose side window was slightly rolled down, while Officer Padilla contacted the female driver. Officer Edens asked defendant

2

why they left the park so quickly. Defendant said they were talking and did not want to be interrupted. Officer Edens did not recall if he asked defendant for identification.

Officer Edens testified that while he was speaking with defendant, defendant seemed nervous and defendant's left hand kept moving around the center console area of the vehicle. Officer Edens asked defendant if he was on probation or parole, but defendant did not respond. Officer Edens thought he also asked defendant whether defendant lived at the house where they were parked, but again defendant did not respond.

Officer Edens asked defendant to get out of the vehicle, and the officer conducted a patdown search for weapons. Officer Edens said he conducted the patdown search for reasons of officer safety, because defendant was acting nervous, kept reaching around the center console, and did not respond to the question about whether defendant was on probation or parole.

While patting down the outside of defendant's clothing, Officer Edens felt a long, hard object in defendant's right front pocket. Not knowing whether it was a knife, pepper spray or some other item that could be used as a weapon, the officer pulled the object out of defendant's pocket. The object was a nine-millimeter magazine.

No further testimony was offered at the suppression hearing. At trial, the officers said the female driver's father owned the vehicle and that she consented to a search of the vehicle after the nine-millimeter magazine was found on defendant. The evidence indicated that the nine-millimeter magazine was empty when it was found in defendant's pocket. In the center console, officers found a .40-caliber Glock semiautomatic handgun. Inside the gun, officers found a magazine loaded with ammunition. The driver denied ownership of the gun and denied knowing that the gun was in the console.

In his suppression motion, defendant sought to suppress the nine-millimeter magazine, the handgun, and the ammunition in the gun, as well as defendant's statements, the police officer observations, and any other evidence obtained in the search.

Defendant argued that the officers did not have reasonable suspicion to detain him and that the subsequent patdown search was unlawful.

The trial court noted that the officers did not make a traffic stop. Nonetheless, the trial court found that the officers "exhibited their authority" and that a reasonable person under the circumstances would probably feel that they could not walk away. However, the trial court also found that the detention was justified because (1) the vehicle had been parked at a city park in violation of curfew; (2) when the officers approached, the vehicle drove off without using headlights in violation of the Vehicle Code; and (3) the vehicle appeared to be trying to elude the officers.

The trial court found it was reasonable for Officer Edens to be concerned about his safety given that defendant seemed nervous, his left hand kept moving around the center console, he was not very responsive to questions, and it was 12:21 a.m. Thus, the trial court found that the patdown search of defendant was reasonable, and once Officer Edens discovered the nine-millimeter magazine in defendant's pocket, the officer had reasonable cause to search the vehicle. Accordingly, the trial court denied defendant's motion to suppress evidence.

## DISCUSSION

### I

Defendant contends the trial court erred in denying defendant's suppression motion because Officer Edens did not have reasonable suspicion to (A) detain defendant, or (B) conduct the patdown search.

In reviewing a trial court's ruling on a suppression motion, we defer to the trial court's factual findings supported by substantial evidence, but we independently determine whether the facts conform to the constitutional standard of reasonableness. (*People v. Lenart* (2004) 32 Cal.4th 1107, 1119; *People v. Hughes* (2002) 27 Cal.4th 287, 327.)

## A

Regarding defendant's claim that Officer Edens did not have reasonable suspicion for the detention, defendant argues the only suspicious circumstances were the curfew violation and the attempt by the driver of the vehicle to avoid contact with the officers. Defendant asserts that because the initial detention was invalid, Officer Edens's subsequent questions regarding defendant's probation or parole status, and his observations of defendant's hand movements, were unlawful.

"[I]n order to justify an investigative stop or detention[,] the circumstances known or apparent to the officer must include specific and articulable facts causing him to suspect that (1) some activity relating to crime has taken place or is occurring or about to occur, and (2) the person he intends to stop or detain is involved in that activity." (*In re Tony C.* (1978) 21 Cal.3d 888, 893.)

Here, defendant was in a vehicle, parked in a city park at 12:21 a.m., in violation of the municipal park curfew. When the officers approached, the vehicle "quickly" left the park without using headlights, a violation of traffic laws that justified a stop. (Veh. Code, §§ 280, 24400, 38335; *People v. Mai* (2013) 57 Cal.4th 986, 1015.) The vehicle evaded the officers and parked in a driveway of a house located not far from the park. Flight in conjunction with the two violations and the short distance between the park and the house is a proper consideration in determining whether officers have reasonable cause to detain. (*People v. Souza* (1994) 9 Cal.4th 224, 235-239.) The officers were justified in detaining the driver and also defendant, who had violated the park curfew.

## B

Defendant further claims the patdown search was unlawful because Officer Edens did not have any reason to suspect that defendant was armed.

" ' "[W]hen an officer is justified in believing that the individual whose suspicious behavior he [or she] is investigating at close range is armed and presently dangerous to the officer or to others," the officer may conduct a patdown search "to determine whether

5

the person is in fact carrying a weapon." [Citation.] "The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his [or her] investigation without fear of violence . . . ." [Citation.] . . . . [A] protective search -- permitted without a warrant and on the basis of reasonable suspicion less than probable cause -- must be strictly "limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby." ' " (*People v. Limon* (1993) 17 Cal.App.4th 524, 534.)

Defendant relies on *People v. Perrusquia* (2007) 150 Cal.App.4th 228 (*Perrusquia*), but that case is inapposite. In *Perrusquia*, officers observed the defendant sitting in his car with the engine running near the driveway of a 7-Eleven store parking lot at 11:26 p.m. in a high crime and gang area. There had been several recent armed robberies at 7-Eleven stores in the city. Officers watched the defendant for a short time and then walked up to his car. As they did so, they saw the defendant " 'fumbling' " with something and heard a " 'thud.' " The defendant looked at the officers, turned the engine off, got out of his car and walked quickly past them. An officer told the defendant to stop and present his identification. The defendant "appeared agitated," claiming he was going into the store, but then retrieved his identification from the car. The officer then asked the defendant if he had any weapons. The defendant denied that he did. The officer wanted to conduct a patdown search but the defendant refused to consent and started to walk away toward the street, not the car. The officers forcibly searched the defendant and found a weapon. (*Perrusquia, supra,* 150 Cal.App.4th at pp. 230-232.) The Court of Appeal in *Perrusquia* held that the officers lacked reasonable suspicion to believe that the defendant had committed a crime or was about to commit a crime. (*Id.* at p. 234.)

*Perrusquia* is distinguishable in a number of ways. In that case, the defendant was lawfully parked in a 7-Eleven store parking lot at a time when the store was open and it was "not particularly late." (*Perrusquia, supra,* 150 Cal.App.4th at p. 234.) There was no flight of companions. (*Ibid.*) The officers allowed the defendant to return to his car to

6

retrieve identification, indicating to the Court of Appeal that the officers were not concerned about weapons in the car. (*Ibid*.)

Here, however, defendant and the driver of the car had been illegally parked in a public park after curfew. The car drove away with its lights off in an apparent attempt to evade the police. When the officer found the vehicle, defendant seemed nervous, his left hand kept moving around the center console area of the vehicle, and he did not respond to questions about whether he lived at the location where the car was parked or whether he was on parole or probation -- information that may have allayed the officer's suspicions. The officer expressed specific concern about defendant's hand movements at the center console and cited the hand movements as a reason why the officer wanted to make sure defendant was not armed. Although each of these circumstances, by themselves, might not give rise to reasonable suspicion that defendant was armed and presently dangerous, the totality of the circumstances created reasonable suspicion and justified the patdown search. The trial court did not err in denying defendant's suppression motion.

## II

Defendant next asserts the consecutive sentence for possession of ammunition by a felon must be stayed pursuant to section 654.[2] The Attorney General agrees and so do we.

"Section 654 prohibits multiple punishment for a single physical act that violates different provisions of the law." (*People v. Jones* (2012) 54 Cal.4th 350, 358.) Defendant and the Attorney General cite *People v. Lopez* (2004) 119 Cal.App.4th 132, in which the defendant was found in possession of a loaded firearm and was convicted and sentenced for both unlawful possession of a firearm and unlawful possession of ammunition. (*Id.* at pp. 134-135, 137.) The Court of Appeal in *Lopez* stated: "To allow

---

[2] As defendant asserts, with agreement from the Attorney General, defendant did not forfeit this claim by failing to object. (*People v. Hester* (2000) 22 Cal.4th 290, 295.)

7

multiple punishment for possessing ammunition in a firearm would, in our judgment, parse the objectives too finely.  While there may be instances when multiple punishment is lawful for possession of a firearm and ammunition, the instant case is not one of them.  Where, as here, all of the ammunition is loaded into the firearm, an 'indivisible course of conduct' is present and section 654 precludes multiple punishment." (*People v. Lopez, supra,* 119 Cal.App.4th at p. 138; *People v. Sok* (2010) 181 Cal.App.4th 88, 100.)

The evidence in this case indicated that in the center console of the vehicle, the officers found a .40-caliber Glock handgun loaded with .40-caliber ammunition.  The evidence further indicated that the nine-millimeter magazine found in defendant's pocket was empty.  In addition, the ammunition loaded in the Glock handgun was compatible with the nine-millimeter magazine, and the nine-millimeter magazine was compatible with the Glock handgun.  Because the only ammunition found by the officers was loaded in the Glock handgun, we will order the sentence on count 2 stayed pursuant to section 654.  In view of this disposition, defendant's due process claim is moot.

DISPOSITION

Pursuant to section 654, the judgment is modified to stay defendant's sentence on count 2 for possession of ammunition by a felon.  The judgment is affirmed as modified. The trial court is directed to prepare an amended abstract of judgment reflecting the judgment as modified, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


                                                                MAURO                      , J.

We concur:


          NICHOLSON                      , Acting P. J.


          MURRAY                     , J.